**HLD-003**                                              **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 18-1317

_____

IN RE: CRAIG M. HENDRICKS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from
the District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 1:04-cr-00005-001)
District Court Judge: George W. Cannon

_____

Submitted Pursuant to Fed. R. App. P. 21
March 9, 2018

Before: SMITH, *Chief Judge*, and CHAGARES and BIBAS, *Circuit Judges*

(Filed: September 17, 2018)

_____

OPINION[*]

_____

PER CURIAM

       Craig M. Hendricks has filed a petition for a writ of mandamus, alleging delay in

his post-conviction proceedings. Hendricks was sentenced in 2007 to 40 years'

imprisonment for conspiracy to import drugs, to distribute drugs, and to launder money,

and for narcotics possession and distribution. This Court affirmed the judgment of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

conviction.  See United States v. Fleming, 287 F. App'x 150, 155 (3d Cir. 2008).  The Supreme Court denied his petition for a writ of certiorari.  Hendricks v. United States, 555 U.S. 1125 (2009).  Hendricks filed a motion under 28 U.S.C. § 2255 in January of 2010, docketed at #1236.  In 2011, the Government filed a response and Hendricks filed a reply.  A Report and Recommendation was filed on September 1, 2015, dkt. #1355, and after an extension of time, Hendricks filed objections in October 2015, dkt. #1358.

In July 2016, Hendricks filed a motion to file supplemental pleadings regarding the FBI's seizure of his funds at the time of his arrest.  Dkt. #1392.  The court ordered the Government to respond, which it did, and Hendricks replied in August 2016.  Dkt. #1398.  At the time Hendricks filed his mandamus petition here, no action had been taken on the Magistrate Judge's Report and Recommendation.  But since that time, the District Court has issued an order, directing the parties to file additional briefing on the issues presented by Hendricks' filings.  Dkt. #1423.

Although mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the District Court's recent order demonstrates that the case is now moving forward.  While the District Court has not yet ruled on Hendricks' § 2255 motion, his supplemental § 2255 motions, and his motion requesting the return of interest, we are confident that those motions will be decided after the District Court receives and considers the supplemental briefing.

We will therefore deny the petition for a writ of mandamus.